### JOHN DURGIN *vs.* NORMAN C. MUNSON.

In an action against the owner of a railroad, brought by his servant to recover damages for a personal injury sustained by reason of a locomotive engine's running upon the plaintiff from a turn-table, while turning upon it, in consequence of the want of a sufficient brake, evidence is competent on the part of the defendant to show that the person who had charge for him of all the engines on the road had given instructions to the engineers before the accident to have the wheels of their engines blocked while turning on the turn-table, and that the accident occurred from the failure of some servant of the defendant to obey such instructions; although such instruction was not known to the plaintiff.

TORT to recover damages for an injury sustained by the plaintiff, by reason of a locomotive engine's running upon him from

Durgin *v.* Munson.

a turn-table, while turning upon it, in consequence of the want of a sufficient brake.

At the trial in the superior court, before *Russell*, J., it appeared that the defendant was a contractor, engaged in filling the Back Bay lands, and had a railroad, several engines, and many cars and laborers used and employed in the work. The defendant was not an engineer, and took no part in running the trains or taking care of the engines. The plaintiff was employed by the defendant, and had charge of turning the engines upon a turn-table, and while doing so, on the 20th of February 1862, an engine ran off and caused the injury complained of. The only defect alleged to exist in the engine was in the brake, which it was contended was insufficient to hold the engine; and there was evidence tending to show that it was insufficient for that purpose. It also appeared that the engine was purchased of a good and reputable manufacturer, for the defendant, by a competent person, as a first class engine. The defendant testified that he had no notice or knowledge of any defect in the engine or brake, and no personal knowledge of the condition of any of his engines; and he offered to show that the person who had charge for him of all the engines on the road had given instructions, before the accident, to the engineers, to have the wheels of the engines " chocked " while turning on the turn-table, and that this accident occurred from the failure of some servant of his to obey such instructions. Upon the objection of the plaintiff the judge excluded this evidence, as the defendant did not contend that these instructions were given or known to the plaintiff.

The judge instructed the jury, amongst other things, as follows:

" In order to maintain this action, the plaintiff must satisfy you, 1st, that the defendant employed a defective or unmanageable engine in his work; 2dly, that the defendant in doing so was guilty of gross negligence; 3dly, that the plaintiff was injured by that negligence; 4thly, in order to prove that the plaintiff was injured by the negligence of the defendant, the plaintiff must also show that he himself was guilty of no negligence in the premises.

" First, Was the engine unmanageable, and so unsafe ? This is a question of fact for you to decide. Upon all the evidence was that engine, with the brake, safe and proper to be used? Was it merely a brake not quite so good as some others, but still a fit instrument to be used, or was it so bad that it was unfit to use ? But beyond this, the plaintiff must prove that it was gross negligence in the defendant to employ such an engine. If not, no action lies. If the employer is careful and does his duty, if he employs skilful men to buy and run his machinery, if he is not negligent in learning whether that machinery is safe or not, if in all things he does his duty, then he is not liable for the consequences if unsafe machinery is employed without his fault.

" This case differs from suits for injury to passengers. In those cases extreme diligence is required of the carrier of passengers. They are liable for slight negligence. But the law which governs the rights of servants requires only ordinary care on the part of the employer. He is not liable unless he is guilty of gross negligence. But there is this qualification to the doctrine. The degree of care required is greater where life and limb are endangered by want of it than where the consequences are less injurious. In other words, the same negligence which might be called slight where the worst consequence would be a loss of time might be gross negligence where the natural consequences would be personal injury or loss of life. You are to consider, then, from the condition of the engine and from all the circumstances of the case, whether the defendant was guilty of gross negligence. A case can be supposed of an engine so defective and unmanageable that a man could not use it and see it used n his business without being guilty of gross negligence. On the other hand, an engine might be defective, and not so readily handled as the best, and yet it might be used without gross negligence. So if a party employs a skilful man to buy an engine and to give a good price for it and to go to a respectable manufacturer, and if his agent should procure a grossly defective and unmanageable engine, which should cause an injury to a servant before the employer had seen or could have seen the

engine, that is a case where no action could be maintained These are extreme cases, which I state to illustrate the law The fact that this engine or brake was less safe than others is not of itself sufficient to charge the defendant, even if he knew it. The machinery must have been so defective that it was gross negligence to use it. Unless the defendant was guilty of gross negligence you will find a verdict in his favor."

The jury returned a verdict for the plaintiff, with $700 damages; and the defendant alleged exceptions.

*G. S. Boutwell,* for the defendant. The evidence which was excluded was admissible. *Farwell* v. *Boston & Worcester Railroad,* 4 Met. 49. *Hays* v. *Western Railroad,* 3 Cush. 270. *King* v. *Boston & Worcester Railroad,* 9 Cush. 112. The instructions to the jury did not sufficiently show that they should be satisfied that the defendant employed a defective engine in his work, knowing it to be defective. *McMillan* v. *Saratoga &c. Railroad* 20 Barb. 449. *Byron* v. *New York State Printing Telegraph Co.* 26 Barb. 39. *Keegan* v. *Western Railroad,* 4 Selden, 180. *Indianapolis &c. Railroad* v. *Love,* 10 Indiana, 554. Knowledge or notice must be brought home to the defendant, in order to charge him. *Cayzer* v. *Taylor,* 10 Gray, 274. Otherwise, if he used due diligence, he is not liable to the plaintiff. *Priestley* v. *Fowler,* 3 M. & W. 1. *Couch* v. *Steel,* 3. El. & Bl. 402. *Seymour* v. *Maddox,* 16 Q. B. 326.

*D. H. Mason,* for the plaintiff, cited, in addition to cases cited for the defendant, *Seaver* v. *Boston & Maine Railroad,* 14 Gray, 466; *Noyes* v. *Smith,* 28 Verm. 64; *Buzzell* v. *Laconia Manuf. Co.* 48 Maine, 113; *Marshall* v. *Stewart,* 33 Eng. Law & Eq. R. 1; *Ryan* v. *Fowler,* 24 N. Y. 410.

HOAR, J. We do not think that there was any such error or insufficiency in the charge of the judge as would give a reason for setting aside the verdict; although the important consideration that, to entitle the plaintiff to recover, he was bound to snow that the engine was defective, and that the defendant knew, or in the exercise of ordinary care would have known, that it was defective, might perhaps have been more distinctly presented to the jury.

But the exception taken to the exclusion of the evidence offered by the defendant is a material one, and, in our opinion well founded. The defect in the engine, which the plaintiff alleged as the cause of his injury, was the insufficiency of the brake to prevent the engine from running off while it was turned on the turn-table. The defendant proposed to show that the person who had charge for him of all the engines on the road had given instructions, before the accident, to the engineers, to have the wheels of their engines "chocked" while turning on the turn-table, and that this accident occurred by failure of some servant of the defendant to obey such instructions. The court ruled the evidence incompetent, as it was not shown that the instruction was given or known to the plaintiff. But proof that the accident which caused the injury to the plaintiff was caused by the neglect of a fellow-servant would have been a defence to the action; and the offer went to that extent. The defects of the engine in the abstract were not the gist of the plaintiff's complaint; but its defects at the time and for the service in which the defendant allowed it to be used when it ran on to the plaintiff. If it were fit and sufficient for use in the manner in which the defendant then allowed it to be used, its insufficiency for other service, at other times, would not concern the plaintiff. Now it is plain that a machine may be safe and fit for one use, when it is not for another. To put an extreme case, by way of illustration: Suppose the defendant had a worn out engine, unfit for any service, and he had given orders that it should not be run at all; yet some workman had, without his knowledge, undertaken to run it; could the master be held responsible to the fellow-servant? Suppose a car that was not fit to run with steam power was kept for use only when drawn by horses; or an engine which had not the proper appliances for a locomotive was employed solely as a stationary engine; would an unauthorized change of the use make the master liable? If this engine, when "chocked" upon the turn-table, was absolutely safe against the possibility of running off, so that it needed no brake at all in that position, and it was not permitted to be turned until the blocking was applied to the wheels, it would

be a question for the jury whether the want of a brake was the cause of the injury. There is no absolute requirement of law that the injurious action of a locomotive. engine shall be prevented by the specific expedient of a brake. If other sufficient means of safety, equivalent in effect, were supplied, that is all that is necessary ; and the jury were to judge of their sufficiency. The fact that the orders to the engineers were not known to the plaintiff would not be decisive, because the question on that part of the case was, whether the engineers were careless, and by their failure to obey instructions the accident occurred.

The evidence which was rejected should therefore have been received, as having a direct tendency to show whether the defendant used such precautions and gave such rules for the use of the engine in the condition in which it was at the time of the accident, as made it then a· proper instrument for the service to which it was to be applied.　　　　　*Exceptions sustained.*